IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:03-CV-178-H(3)

| | |
|---|---|
| PAUL SCINTO, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ) | |
| EDWARD G. PRESTON, RALPH ) | |
| MELTON, JR., FRANK POLUMBO, ) | |
| BRIAN LEMAY, & ERIC WING, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on plaintiff's motion for sanctions [DE #113], motion to stay [DE #114], motion for hearing [DE #116], and motion to modify the scheduling order [DE #128]. The parties have filed appropriate responses and replies. These motions are ripe for adjudication.

**I. Motion for Sanctions**

Plaintiff asks the court to sanction defendants Preston, Melton, and Polumbo; former defendant City of New Bern, NC (collectively, the "New Bern Defendants"); and their attorney for presenting what plaintiff contends was a "bad faith, material misrepresentation" to this court and the court of appeals. Specifically, plaintiff seeks sanctions related to the New Bern Defendants' collective denial that defendants Brian LeMay and Eric Wing were confidential informants or otherwise affiliated with the New Bern Police Department.

Plaintiff alleges in his complaint that LeMay and Wing were "confidential informant[s] (special secret agent[s]) employed at the New Bern Police Department," and that they were "hired" by defendant Preston. (Compl. ¶¶ 7-8, 21.) In their answer, the New Bern Defendants "deny that [LeMay or Wing] was employed by the New Bern Police Department in any capacity" or that Preston hired LeMay and Wing to act as informants or agents. (Answer ¶¶ 7-8, 21.)

In their response to plaintiff's request for entry of default against defendants LeMay and Wing [DE #75], the New Bern Defendants asserted, "Neither Brian LeMay nor Eric Wing has ever been an employee, confidential informant, officer, agent, 'secret agent,' 'special secret agent,' or otherwise affiliated with the New Bern Police Department." In a letter responding to plaintiff's Notice of Intent to File Rule 11 Sanctions [DE #111], the New Bern Defendants asserted that thorough internal investigations led them to the conclusion that defendant LeMay "has never been an employee, informant, agent, or special secret agent of the New Bern Police Department." (See also Preston Aff. [DE #111-2] at 2.)

Plaintiff filed an affidavit and other documents in support of his motion for sanctions.[1]  These submissions, especially the

---

[1] Plaintiff originally filed these documents with an accompanying motion to seal, mistaking the process for sealing documents as a vehicle for placing evidence before the court ex parte.  This motion was denied by order filed June 7, 2007, and plaintiff subsequently filed the documents unsealed on June 12, 2007 [DE #129].

2

transcript of a hearing on a motion to suppress in <u>United States v. Scinto</u>, No. 4:01-CR-59-H(4) (E.D.N.C. January 16, 2002) (Flanagan, M.J.), appear to show that Brian LeMay <u>was</u> a confidential informant or otherwise affiliated with the New Bern Police Department during the relevant time period.

The New Bern Defendants addressed the apparent inconsistency in a letter sent by their attorney to plaintiff on June 13, 2007 (attached to the New Bern Defendants' response to the motion for sanctions). In the letter, the attorney acknowledges that both LeMay and Wing provided information about plaintiff to the New Bern Police Department, but distinguishes between <u>employed</u> confidential informants and others, referencing the above-quoted language from the complaint and answer.

The court may one day have occasion to address the claimed distinction between employed confidential informants and others as it relates to this case, and the true affiliation, if any, between LeMay, Wing, and the New Bern Police Department. For now, however, it will suffice that the court has found no evidence that the New Bern Defendants or their attorney (1) failed to reasonably inquire into defendant LeMay's status within the Department; (2) were without evidentiary support for their allegation of a lack of a formal relationship between LeMay and the Department; or (3) were without evidentiary support for their denial of the specific factual allegations in plaintiff's complaint, which portended an

3

employment relationship (Compl. ¶¶ 7-8).  <u>See</u> Fed. R. Civ. P. 11(b).  The motion for sanctions [DE #113] is therefore DENIED.

The New Bern Defendants ask the court to sanction plaintiff for his "frivolous rule 11 claims" by awarding them expenses and attorney's fees, and by directing plaintiff not to file additional motions on this issue.  The court has considered the matter and declines to sanction plaintiff for filing his motion for sanctions, which, though without merit, was not wholly frivolous.

## II. Motion for Stay

Plaintiff seeks a stay of the proceedings in this matter for either 45 days (Pl.'s Reply Br. [DE #127] at 2), or until the Fourth Circuit has decided his interlocutory appeal of this court's order dismissing the City of New Bern and certain defendants, in their official capacities, as parties to this action (Pl.'s Mot. to Stay [DE #114] at 1).  "The suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."  <u>Landis v. North American Co.</u>, 299 U.S. 248, 255 (1936).  The court has weighed the competing interests set forth by the parties in their briefs and has determined that the motion [DE #114] should be DENIED.

## III. Motion for Hearing

Plaintiff moves for a hearing on his motion for sanctions. The court finds that a hearing would not aid the decisional process

4

and therefore DENIES the motion [DE #116].

**IV.  Motion to Modify Scheduling Order**

Plaintiff seeks to modify the scheduling order entered in this matter on June 4, 2007.  The parties conferred in May but were unable to agree on a discovery plan and so submitted separate proposals.  After considering both proposed discovery plans, United States Magistrate Judge David W. Daniel entered the existing scheduling order.  Plaintiff has failed to show that the deadlines set forth in the scheduling order cannot reasonably be met with due diligence by the parties or that good cause otherwise exists for any of his requested modifications.  Fed. R. Civ. P. 16(b); see Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987); Leary v. Daeschner, 349 F.3d 888, 906 (6th Cir. 2003).  The motion [DE #128] is therefore DENIED.

## CONCLUSION

Based on the foregoing, plaintiff's motion for sanctions [DE #113], motion to stay [DE #114], motion for hearing [DE #116], and motion to modify the scheduling order [DE #128] are DENIED. Defendants' request for sanctions is DENIED.

This the 25th day of June, 2007.

_____
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#30

5